No. 25-2107
(1:25-cv-01434-RDA-LRV)

---

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

ARLINGTON COUNTY SCHOOL BOARD

*Plaintiff – Appellant,*

v.

LINDA MCMAHON, in her official capacity as Secretary of Education of the United States; UNITED STATES DEPARTMENT OF EDUCATION

*Defendants – Appellees.*

---

On Appeal from the United States District Court
for the Eastern District of Virginia
Honorable Rossie D. Alston, District Judge

---

### ALEXANDRIA CITY SCHOOL BOARD'S REPLY IN FURTHER SUPPORT OF MOTION FOR LEAVE TO INTERVENE AS PLAINTIFF-APPELLANT

John F. Cafferky, VSB No. 26179
Michael K. Kim, VSB No. 82922
Jakob T. Stalnaker, VSB No. 95010
BLANKINGSHIP & KEITH, P. C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
(703) 691-1235 (telephone)
(703) 691-3913 (facsimile)
jcafferky@bklawva.com
mkim@bklawva.com
jstalnaker@bklawva.com

*Counsel for Movant Alexandria City School Board*

i

## Table of Contents

I.    ACSB's motion is timely, and its request for intervention is warranted under *Cameron* and *AEF*..................................................................................................2

II.   The School Board's interests are distinct and cannot be adequately represented by Arlington......................................................................................6

III.  ACSB will be significantly prejudiced by denial of its request for intervention. ...........................................................................................................9

Conclusion .......................................................................................................11

# Table of Authorities

Page(s)

**Cases**

*Association for Education Fairness v. Montgomery County Board of Education*, 88 F.4th 495 (4th Cir. 2023) .............................................................................. 2, 3, 4
*Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267 (2022) .............. 2, 4
*Faulkner v. Martin*, 2023 U.S. App. LEXIS 26004 (5th Cir. Sep. 29, 2023) ........... 2
*Friends of George's, Inc. v. Mulroy*, 2023 U.S. App. LEXIS 24666 (6th Cir. Sep. 15, 2023) ................................................................................................................ 3
*Grimm v. Gloucester County School Board*, 972 F.3d 586 (4th Cir. 2020)… 1, 2, 10
*NAACP v. New York*, 413 U.S. 345 (1973) .......................................................... 4, 5
*Roeder v. Islamic Republic of Iran*, 333 F.3d 228 (D.C. Cir. 2003) ........................ 5
*Trump v. CASA, Inc.*, 145 S. Ct. 2540 (2025) .......................................................... 9
*United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977) ........................................ 5
*United States v. Google LLC*, No. 25-5016, 2025 U.S. App. LEXIS 6710 (D.C. Cir. Mar. 21, 2025) ........................................................................................................ 4
*United States v. Mitchell*, 463 U.S. 206 (1983). ................................................... 10

**Statutes and Other Authority**

Fed. R. App. P. 15(d) ................................................................................................ 4
Fed. R. App. P. 27(a)(4) of the Federal Rules of Appellate Procedure ..................... 1
Fourth Circuit Local Rule 27(d)(2). .......................................................................... 1

## ALEXANDRIA CITY SCHOOL BOARD'S REPLY BRIEF
## IN SUPPORT OF ITS MOTION FOR LEAVE TO INTERVENE

The Alexandria City School Board ("ACSB") submits this Reply in support of its Motion to Intervene as an appellant in this appeal, pursuant to Rule 27(a)(4) of the Federal Rules of Appellate Procedure, and Local Rule 27(d)(2).

The federal government's funding obligations, and administrative actions are not a game, and ACSB is not "call[ing] both sides of the coin." FCSB 4th Cir. ECF No. 25 ("Opposition") at 6. Instead, ACSB's request for intervention seeks relief from this Court in the face of escalating actions by the United States Department of Education ("Department") and its Secretary Linda McMahon (collectively, "Appellees") to coerce ACSB and four other school divisions in northern Virginia into violating Title IX and this Court's binding precedent in *Grimm v. Gloucester County School Board*, 972 F.3d 586 (4th Cir. 2020).

The Opposition contains various contradictions regarding Appellees' actions, the record below, and the availability of relief to ACSB. They claim that no federal funds have been denied, Opposition at 9, but also assert that the Appellees' "**reasons for the denial** are similar." *Id.* at 18 (emphasis added). Appellees assert that ACSB's interests are substantially similar to ASB, *id.* at 16-17, but also claim that the Secretary would be prejudiced "to the extent that Alexandria asserts a different injury or seeks to advance different legal arguments." *Id.* at 22. While complaining of an "undeveloped record", *id.* at 19, Appellees insist that the underlying

1

administrative action in this case is essentially identical to that affecting ACSB. *Id.* at 17-18. And most perplexing of all, Appellees assert that they are not seeking to deny ACSB's federal funds, despite their own public statements expressly to the contrary – that they were "seeking suspension of federal financial assistance to the Divisions[.] ASB 4th Cir. ECF No. 13 ("Motion to Intervene") at 97-99.

The upshot of the Appellees' actions is this: the Department is flouting this Court's precedent in *Grimm*, demanding the School Board do the same, and in the process threatening to cut off ACSB's federal funding for programs that have nothing to do with, nor even touch on, ACSB's bathroom policies and their accessibility to transgender students. Without intervention, the School Board cannot benefit from relief in this Court. The circumstances of this case – and Appellees actions – require intervention.

I. **ACSB's motion is timely, and its request for intervention is warranted under *Cameron* and *AEF*.**

Appellees do not dispute that neither this Court in *Association for Education Fairness v. Montgomery County Board of Education*, 88 F.4th 495 (4th Cir. 2023) ("*AEF*"), nor the U.S. Supreme Court in *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267 (2022), have imposed a bright-line rule requiring intervention in the District Court. Nor have other federal courts of appeal. *See, e.g.*, *See also Faulkner v. Martin*, 2023 U.S. App. LEXIS 26004 (5th Cir. Sep. 29, 2023) (granting leave for permissive intervention under *Cameron*, where the movant's

2

interest "may not be adequately represented by the defendant . . . or the plaintiffs"); *Friends of George's, Inc. v. Mulroy*, 2023 U.S. App. LEXIS 24666 (6th Cir. Sep. 15, 2023) (granting permissive intervention on appeal where the movant "has a claim or defense that shares with the main action a common question of law or fact." (internal quotation omitted)). While not the norm, intervention initially on appeal is permitted in certain circumstances. This is such a case and ACSB's motion is procedurally appropriate.

Appellees' argument that ACSB's motion is "procedurally improper" is an unsupported overstatement according to the very authority upon which Appellees rely. *AEF* holds that in order to intervene on appeal, a party "generally" must have intervened below, 88 F.4th at 499, but also recognizes that there are situations where that will not be required. That stands to reason here because (i) the litigation was fully and finally disposed of on a preliminary injunction motion just five business days after it was filed; and (ii) Appellees' direct statement that it *does intend* to seek cutoff specifically of ACSB's federal funds – a threat inconsistent with its statement in the September 3rd argument before the district court -- came only after the district court's September 5, 2025 ruling.

Rather than impose a limitation on an appellate court's discretion to permit intervention, the Supreme Court cautioned that "[t]imeliness is an important consideration in deciding whether intervention should be allowed . . . but

3

'[t]imeliness is to be determined from all the circumstances,' and 'the point to which [a] suit has progressed is . . . not solely dispositive[.]'" *Cameron*, 595 U.S. at 279 (quoting *NAACP v. New York*, 413 U.S. 345, 365-366 (1973))

Consistent with *Cameron*, this Court in *AEF* also did not draw the line that Appellees would impose. Instead, the Court discussed the prudential concerns applicable with appellate intervention – namely, avoiding circumvention of the district court. *AEF*, 88 F.4th at 499. Even when doing so, this Court used language indicating that such a "guardrail" was generally appropriate, but neither strict and nor exclusive. *Id.* The point of such a guardrail is to ensure that there has been no "undue delay in connection with the appeal itself." *Id.* The prudential considerations referenced in *AEF* are not at play here, and this Court should not impose a restriction on itself where the Supreme Court, the Federal Rules of Appellate Procedure, and this Court's own local rules have not done so. *See generally*, *Cameron*; *AEF*; Fed. R. App. P. 15(d).

Appellees' related argument that ACSB's Motion to Intervene is "untimely" is likewise an overstatement unsupported by the very cases Appellees cite. Again, Appellees agree that there is no bright line rule for timeliness, *see, e.g.*, *United States v. Google LLC*, No. 25-5016, 2025 U.S. App. LEXIS 6710, at *4 (D.C. Cir. Mar. 21, 2025), and where intervention by right was sought far more than 30 days after it became clear the movant's interest would not be protected. And, that same

4

case cites *Roeder v. Islamic Republic of Iran*, 333 F.3d 228, 233, 357 U.S. App. D.C. 107 (D.C. Cir. 2003), in which the Circuit Court concluded that intervention was timely when party intervened within thirty days. Appellees also rely on *NAACP v. New York,* for the proposition that a motion to intervene was untimely after seventeen days, in case affecting "rapidly approaching primary elections". 413 U.S. 345, 369 (1973). That case is entirely inapposite, as there is no rapidly approaching election even arguably impacted by this decision.

Furthermore, in any event, Appellees' calculation of time is completely concocted – and flawed. Appellees contend that ACSB's motion to intervene came 34 days after its interest first arose. Opposition at 9. Yet in reality, there is no dispute that ACSB filed this motion 24 days after the Arlington County School Board filed its action in the district court, 17 days after it was dismissed, and 12 days after Arlington filed this appeal. Any or all of these time periods are well within the presumptive 30-day time period for seeking intervention recognized in other cases.

Courts routinely grant intervention within the period of time sought by ACSB. The Supreme Court in *Cameron* referenced its prior decision in *United Airlines, Inc. v. McDonald*, acknowledging that a "motion to intervene was timely because it was made 'as soon as it became clear' that the movant's interests 'would no longer be protected' by existing parties. *Cameron*, 595 U.S. at 292 (quoting

5

*McDonald*, 432 U.S. 385, 394 (1977)). In *McDonald*, the Court concluded that intervention was timely 18 days after entry of final judgment. 432 U.S. at 390.

Finally, in response ACSB's Motion, Appellees fail to identify any prejudice resulting from the abbreviated period between appeal and ACSB's Motion. Appellees have been treating FCSB, ASB, and ACSB in a similar fashion since initiating an OCR complaint in February 2025. FCSB Dist. Ct. ECF Nos. 1-8, 1-9; ASB Dist. Ct. ECF Nos. 1-7, 1-8; Ex. D. And, the District Court and Appellees were informed at oral argument of forthcoming litigation from ACSB. *See*, FCSB ECF No. 33. Conversely, they ignore that the emergency motions below were docketed the day after filing, on a holiday weekend. In fact, their own Response to those Motions did not occur until late evening, the night before the hearing. The District Court dismissed the action on Friday, September 5, 2025; the Fairfax appeal was docketed on September 11, 2025, and the Arlington appeal was docketed on September 16, 2025. ACSB moved to intervene just four business days later, once both appeals were docketed. By both precedent and analogous rule, the School Board's motion is timely.

## II. <u>The School Board's interests are distinct and cannot be adequately represented by Arlington.</u>

The School Board's interests in this case are distinct from Arlington's interests, in that its funds are different, its populations are different, and the consequences to ACSB are more severe.

Appellees do not address the distinct interests of ACSB – instead they claim the reasons for the denial are the same. But ACSB has different populations of students, and the denial of funds will have a significant and adverse impact on ACSB's fiscal position, which will in turn affect its students. Importantly, the consequences outlined in ACSB's motion are even more severe for the small school district. A majority of ACSB's schools are Title I schools and ACPS' Title I funding as a share of its budget is almost triple its neighboring jurisdictions. *Id.* ACSB's Title II, IDEA, and nutritional funding is as high or higher than either neighboring jurisdictions. Mot. Intervene Ex. C.

Appellees further argue that ACSB's interests are adequately represented by Arlington, and "substantially indistinguishable from those other districts." Opposition at 11. That is not the case. For while Appellees' actions against ACSB may be similar to that against Fairfax and Arlington, their *impact* surely is not. ACSB is a much smaller than either of those school divisions – close to half the student population of Arlington, and more than ten times smaller than Fairfax. While Fairfax's enrollment is 180,558 students, and Arlington's enrollment is 27,986 students, ACSB's enrollment is 16,613. Virginia Dep't of Educ., Fall Membership Data, https://tinyurl.com/23657mv9, accessed Oct. 3, 2025.

Critically, a significantly higher proportion of ACSB's 16,613 students are reliant on the funding that Appellees have threatened to withhold. As detailed in

7

ACSB Chief Financial Officer Dominic Turner's Declaration, ACSB, unlike either Fairfax or Arlington, is an urban school district with a much larger percentage of economically and educationally disadvantaged students. Mot. Intervene at 73. Consequently, it relies much more heavily on federal funding to support its students. Over 50 percent of ACSB's schools are Title I schools, nearly double that of Arlington or Fairfax; ACSB Title I funding is almost three times its neighbors as a share of its budget, and its Title II funding is double that of Arlington and 70% higher than Fairfax.

Appellees argues that ACSB fails to "articulate how it would remain uniquely impacted if that decision were to be set aside." Opposition at 12. The issue, however, is that ACSB would remain uniquely impacted if the Department's decision is ***not*** set aside. As ACSB's motion, and Mr. Turner's Declaration establish, ACSB relies anywhere between two to three times as much on federal funds as do Arlington or Fairfax.

The Department further argues that the type of funds (e.g. IDEA, Title I, Titles II and IV, McKinney-Vento, etc.) these school divisions receive is not different, *id*. But this misses the point. While the type of funds is largely the same, the relative degree to which ACSB relies on those federal funds to serve its students is materially different (and higher).

And similarly, ACSB's interests cannot be adequately represented by

8

Arlington, because it cannot receive the benefit of any relief awarded by this Court. Under the Supreme Court's precedent, ACSB would need to be a party to this action in order to benefit from such relief. *Trump v. CASA, Inc.*, 145 S. Ct. 2540, 2554 (2025).

### III. ACSB will be significantly prejudiced by denial of its request for intervention.

Finally, despite the Appellees argument to the contrary, ACSB will be seriously prejudiced by denial of its request for intervention. First, Appellees apparent suggestion is that ACSB file a new action in the District Court. Yet in that instance, such a suit would presumably be subject to the same disposition, and appeal, only to have the cases consolidated – all while the Department continues to pressure the School Board to violate this Court's precedent.

Appellees repeatedly rely upon an unsworn blog posting for the notion that ACSB is not threatened with harm. It does not address the Department's own words – set forth in ACSB's motion – that the Department is pursuing cutoff of ACSB's federal funds. Mot. Intervene at 99.

And, ACSB would not be able to bring this claim in the Court of Federal Claims, because the issue of whether a plaintiff is seeking money damages is different from whether a money mandating statute exists. "It is not enough that plaintiff sustained money damages; plaintiff must point to a specific source of substantive law that 'can fairly be interpreted as mandating compensation by the

9

Federal Government for the damage sustained.'" *United States v. Mitchell*, 463 U.S. 206, 216-17 (1983). Nowhere in the Response do Appellees assert that the U.S. Supreme Court held that Title IX or any of the other fundings statutes are money mandating statutes, which is a separate requirement from whether a claim for money damages arising from a contract. *Id.* And, notwithstanding the Department's response, ACSB's route to the Court of Federal Claims for the type of relief it needs is barred.

The Department argues that ACSB has the ability to file an action in the Court of Federal claims, Opposition at 14-15, but that argument fundamentally misses exactly the point of the appeal in which ACSB seeks to intervene – i.e. that such an action is wholly inadequate to allow ACSB to seek injunctive and declaratory relief against threatened Department action intended impermissibly to condition ACSB's receipt of federal grant funds on its agreement to an admittedly flawed application of Title IX. In that regard, it is no accident that the Department's 20-page opposition nowhere acknowledges the district court's statement that *Grimm* indisputably is the law in this jurisdiction.

Finally, Appellees' argument that ACSB is not prejudiced is belied by its own public statements, and contradictory statement in its brief. They claim that no federal funds have been denied, Opposition at 9, but also assert that the Appellees' "reasons for the denial are similar." *Id.* at 18 (emphasis added), and that they are

10

not seeking to deny ACSB's federal funds, despite their own public statements to the contrary. Mot. Intervene at 97-99.

## Conclusion

Intervention by the School Board in this appeal is necessary to protect ACSB's separate and significant interest in its federal funding and designation. For the foregoing reasons, the Alexandria City School Board respectfully requests that the Court grant it leave to intervene in this appeal as an appellant, and deem its Emergency Motion for Injunction Pending Appeal filed.

By Counsel

Date: October 3, 2025

BLANKINGSHIP & KEITH, P. C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
(703) 691-1235 (telephone)
(703) 691-3913 (facsimile)

By:      /s/ John F. Cafferky
    John F. Cafferky, VSB No. 26179
    jcafferky@bklawva.com
    Michael K. Kim, VSB No. 82922
    mkim@bklawva.com
    Jakob T. Stalnaker, VSB No. 95010
    jstalnaker@bklawva.com

*Counsel for Movant Alexandria City School Board*

11

## CERTIFICATE OF COMPLIANCE

1. This document complies with type-volume limits, excluding the parts of the document exempted by Fed. R. App. P. 32(f), because: this document contains 2,510 words.

2. This document complies with the typeface requirements because: this document has been prepared in a proportional spaced typeface using Microsoft Word in 14-point Times New Roman.

/s/ Jakob T. Stalnaker
Jakob T. Stalnaker, VSB No. 95010
jstalnaker@bklawva.com
BLANKINGSHIP & KEITH, P.C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
(703) 691-1235 (Telephone)
(703) 691-3913 (Facsimile)
*Counsel for Movant Alexandria City School Board*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of October, 2025, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

/s/ Jakob T. Stalnaker

Jakob T. Stalnaker, VSB No. 95010
jstalnaker@bklawva.com
BLANKINGSHIP & KEITH, P.C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
(703) 691-1235 (Telephone)
(703) 691-3913 (Facsimile)

*Counsel for Movant Alexandria City School Board*

13