No. 25-2087, 25-2107

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

FAIRFAX COUNTY SCHOOL BOARD AND ARLINGTON SCHOOL BOARD,
*Plaintiffs-Appellants,*

v.

LINDA MCMAHON, IN HER OFFICIAL CAPACITY AS SECRETARY OF EDUCATION OF THE UNITED STATES, AND THE UNITED STATES DEPARTMENT OF EDUCATION,
*Defendants-Appellees.*

On Appeal from the United States District Court
for the Eastern District of Virginia,
Nos. 1:25-cv-01432-RDA-LRV & 1:25-cv-01434-RDA-LRV,
Hon. Rossie D. Alston, Jr.

**Response in Opposition to the America First Legal Foundation's Motion for Leave to file *Amicus Curiae* Brief in Support of Defendants-Appellees**

| | |
|---|---|
| Breanna Smith-Bonsu | Timothy Heaphy |
| Chloe Smeltzer | *Counsel of Record* |
| WILLKIE FARR & | Joshua N. Mitchell |
|   GALLAGHER LLP | Fiona Carroll |
| 300 N. LaSalle Dr. | Lindsay Hemminger |
| Chicago, IL 60654 | WILLKIE FARR & |
| 312-728-9000 |   GALLAGHER LLP |
| | 1875 K Street Northwest |
| | Washington, DC 20006 |
| | 202-303-1000 |
| | theaphy@willkie.com |

*Counsel for Plaintiffs-Appellants*

Appellants, Fairfax County School Board ("FCSB") and Arlington School Board ("ASB") (collectively, the "School Divisions"), by their undersigned counsel and pursuant to Rule 29 of the Federal Rules of Appellate Procedure, hereby respond in opposition to America First Legal Foundation's ("AFL") Motion for Leave to File *Amicus Curiae* Brief in Support of Defendants-Appellees (the "Motion for Leave").

## INTRODUCTION

On September 5, 2025, the District Court for the Eastern District of Virginia denied the School Divisions' Emergency Motions for Preliminary Injunction and/or Temporary Restraining Order and dismissed the School Divisions' complaints, holding that the court lacked jurisdiction under the Tucker Act because "the relief that [FCSB and ASB] seek[] ultimately requires this Court to order the payment of money." *FCSB v. McMahon et al.*, No. 25-cv-01432 (RDA/LRV) (E.D. Va.), Dkt. No. 28 at 7; *ASB v. McMahon et al.*, No. 25-cv-1434 (RDA/LRV) (E.D. Va.), Dkt. No. 27 at 7. On September 9, 2025, Appellants FCSB and ASB filed a notice of appeal from the district court's order. *FCSB*, No. 25-cv-01432 (RDA/LRV) (E.D. Va.), Dkt. No. 30; *ASB*, No. 25-cv-1434 (RDA/LRV) (E.D. Va.), Dkt. No. 29. On September 15 and 16, the School

2

Divisions filed their Emergency Motions for Injunction Pending Appeal, *FCSB v. McMahon et al.*, No. 25-2087 (4th Cir.), Dkt. No. 10; *ASB v. McMahon et al.*, No. 25-2107 (4th Cir.), Dkt. No. 6, which were denied on October 1, 2025. *FCSB*, No. 25-2087 (4th Cir.), Dkt. No. 31; *ASB*, No. 25-2107 (4th Cir.), Dkt. No. 31. On October 10, 2025, the School Divisions' cases were consolidated. *FCSB*, No. 25-2087 (4th Cir.), Dkt. No. 43; *ASB*, No. 25-2107 (4th Cir.), Dkt. No. 45. On October 24, 2025, the School Divisions filed their corrected opening brief. Dkt. No. 51. Appellees filed their opposition on November 19, 2025. Dkt. No. 74.

On November 19, AFL filed its Motion for Leave with its Brief of *Amicus Curiae* America First Legal Foundation in Support of Defendants-Appellees ("Amicus Brief"). Dkt. Nos. 70-1, 70-2. On November 19, the Court requested that the School Divisions file a response to the Motion for Leave by Monday, November 24. Dkt. No. 71.

As discussed below, AFL's Motion for Leave should be denied because its proposed Amicus Brief does not cite any authority or raise any arguments that pertain to the narrow jurisdictional question that is currently before this Court—whether the District Court erred in ruling that the Tucker Act requires that the School Divisions pursue their

3

claims in the Court of Federal Claims. Instead, the Amicus Brief sets forth irrelevant authority and arguments regarding the application of Title IX to gender identity—claims not before this Court in this narrow jurisdictional appeal. The arguments put forth by AFL are not "relevant to the disposition of this case," FED. R. APP. P. 29(b)(2), and therefore, the Amicus Brief should not be accepted. Court consideration of the Amicus Brief would prejudice the School Divisions and result in a waste of judicial resources. The Motion for Leave should be denied.

## ARGUMENT

Rule 29(a) of the Federal Rules of Appellate Procedure provides that a brief of an amicus curiae may be filed only by: (1) leave of court; or (2) if the brief states that all parties have consented to the filing. FED R. APP. P. 29(a)(2). Where consent cannot be obtained, the amicus must file a motion for leave to file the brief identifying both the movant's interest and stating "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." FED. R. APP. P. 29(a)(3).

In ruling on motions for leave to file amicus briefs, Judge Richard Allen Posner of the Seventh Circuit has instructed that

4

> [t]he term 'amicus curiae' means friend of the court, not friend of a party. … An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.

*Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J., in chambers); *see also New England Patriots Football Club, Inc. v. Univ. of Colorado,* 592 F.2d 1196, 1198 n.3 (1st Cir.1979) (stating that an amicus is one who "for the assistance of the court gives information of some matter of law in regard to which the court is doubtful or mistaken" (quotation marks and citation omitted)).

AFL is an advocacy organization founded by Stephen Miller who serves as Assistant to President Trump and Deputy Chief of Staff for Policy. *See* America First Legal, *Leadership* (Nov. 20, 2025).[1] In addition, the current president of AFL most recently served as Deputy White House Counsel to President Donald Trump. *Id.* The current administration in which the AFL leadership now serves has engaged in

---

[1] This citation can be accessed at https://aflegal.org/leadership/.

litigation around the country on the issue of transgender access to school facilities—after a concerted effort to use this issue in the President's campaign in 2024. The close ties between AFL and the current administration demonstrate that AFL is a "friend of a party," rather than a "friend of the court" as defined by Judge Posner. *See Ryan*, 125 F.3d at 1063. Thus, AFL's Motion for Leave to file an amicus brief in this case is merely "an attempt to inject interest group politics into the federal appeals process." *Voices for Choices v. Illinois Bell Telephone Co.*, 339 F.3d 542, 544 (7th Cir. 2003).

Furthermore, AFL's Amicus Brief does not fall into any of the three categories set forth in *Ryan*. First, Appellees are adequately represented by the U.S. government in this matter, and AFL does not suggest otherwise. There is no supplemental authority presented in the Amicus Brief that covers some gap or missing argument set forth by appellee's counsel. To the contrary, the Amicus Brief is filled with irrelevant authority on the broader social issues involving Title IX and gender identity—issues irrelevant to the instant case.

Second, AFL's assertion that it should be permitted to file its Amicus Brief because "[t]his case involves numerous legal issues that

6

bear on AFL's pending litigation[,]" Mot. for Leave at 2, is flatly incorrect, as the Title IX issues identified are outside the scope of the instant appeal. The only "legal issue" to which the Amicus Brief points is whether the School Divisions' policies "are required by this Court's decision in *Grimm v. Gloucester County School Board*." Mot. for Leave at 2. The lawsuits AFL cites as examples involve challenging Virginia school board policies related to transgender students. *See id*. This authority is not germane to the pending jurisdictional appeal. Indeed, AFL concedes this point by noting in its Amicus Brief that the "immediate question before this Court is whether the district court has jurisdiction to resolve the merits of the School Boards' claims," Dkt. No. 70-2 at 5, not whether the School Divisions' policies violate Title IX. Therefore, the Court's decision on the jurisdictional issue will not affect the lawsuits AFL is engaged in, which "turn on the meaning of Title IX with respect to school restroom and locker room policies." Mot. for Leave at 2.

Finally, AFL's Amicus Brief also does not provide "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan*, 125 F.3d at 1063. AFL's Amicus Brief does not provide any information related to the APA,

7

the DJA, the Tucker Act, or Title IX's judicial review provision, and it will not assist the Court in determining whether the district court has jurisdiction to decide the merits of this dispute. *See In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) (denying non-party's request that the court accept its brief as that of an amicus curiae where the brief "does not meet the requirements of Rule 29" and the court "does not find that it adds anything consequential to [its] consideration of th[e] case"). It is rather a political screed intended for a broader audience than this Court. AFL's Amicus Brief would only serve to "impose[] a burden of study and the preparation of a possible response on the parties" and would not be an efficient use of judicial resources. *National Organization for Women, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000).

## CONCLUSION

For the foregoing reasons, Appellants respectfully request that the Court deny AFL's Motion for Leave to File *Amicus Curiae* Brief in Support of Defendants-Appellees.

Dated: November 24, 2025

8

Respectfully submitted,

/s/ *Timothy J. Heaphy*

Timothy J. Heaphy
*Counsel of Record*
Joshua N. Mitchell
Fiona Carroll
Lindsay Hemminger
WILLKIE FARR &
GALLAGHER LLP
1875 K Street Northwest
Washington, DC 20006
202-303-1000
theaphy@willkie.com

Breanna Smith-Bonsu
Chloe Smeltzer
WILLKIE FARR &
GALLAGHER LLP
300 N. LaSalle Dr.
Chicago, IL 60654
312-728-9000

*Counsel for Plaintiffs-Appellants*

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record for Plaintiffs-Appellants certifies, pursuant to Local Rule 27(d)(2), that the foregoing motion contains 1,476 words, excluding the parts of the motion exempted by Local Rule 27(d)(2), according to the word count feature of Microsoft Word.

/s/ *Timothy J. Heaphy*
Timothy J. Heaphy

# **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Fourth Circuit using the CM/ECF system, which will send a notice of such filing to all registered CM/ECF users.

/s/ *Timothy J. Heaphy*
Timothy J. Heaphy
*Counsel of Record*
WILLKIE FARR &
GALLAGHER LLP
1875 K Street Northwest
Washington, DC 20006
202-303-1000
theaphy@willkie.com

*Attorney for Plaintiffs-Appellants*

Date: November 24, 2025